## GRAND DIPPER LODE.

(*Acting Commissioner Harrison to U. S. Surveyor General Robbins, Tucson, Arizona, August 2, 1883.*)

MINES AND MINERALS—CONFLICTS—SURVEY. The plat of survey of a lode mining claim must show all conflicts, and unless such conflicts are shown, the survey should not be approved.

The diagram of the Grand Dipper lode submitted with your letter of the 24th ultimo, and on which you request instructions before you approve the survey of the same, has been examined.

You state, and it is shown to be so by said diagram, that the said Grand Dipper lode, so *located*, is a four-sided figure with parellel end lines, the provisions of Sec. 2320 U. S. Revised Statutes being fully complied with.

The survey of the claim made by the deputy surveyor cuts off a portion of the right end, shown to be in conflict with the Emerald lode, the easterly end line of the Emerald claim thus becoming one of the boundary lines of the said "Grand Dipper," and not parallel to the easterly end line of the Grand Dipper survey.

I cannot see how you can give your approval to such a survey. No reason exists why the survey lines should not conform directly to the lines of the location, they being properly run in the first instance. The instructions of this office, to be found in Vol. 1, page 133, Copp's Land Owner (Copp's Min. Lands, 2d Ed., p. 217), are intended to meet just such a contingency, and that conflicts with other claims may be clearly shown and not avoided, you will find there laid down, the manner in which intersections with conflicting claims may be noted, and of the running of courses and distances from such points of intersection to establish corners of such conflicting claims.

In regard to the necessity of parallel end lines, you are also referred to the decision of the Hon. Secretary of the Interior in the matter of the claims of Wm. H. Henry *et al.*, in New Mexico (Copp's Land Owner, Vol. 10, p. 102), wherein he refers to the decision of the U. S. Supreme Court in the case of the *Eureka Cons. Ming. Co.* v. *Richmond Mining Company*, in which it was held that Sec. 2320 R. S., requiring the end lines of each claim to be parallel with each other, is merely directory, and no consequence is attached to a deviation from its direction. (5 Sawyer, 131.) But the Hon. Secretary further states that the statutory direction, as a rule, should be followed, and that he fully approves of the practice of this office requiring surveys to conform thereto in the respect named. The above instructions will, perhaps, meet the question submitted in the letter of Mr. John A. Church, a copy of which you enclosed.

There is no authority for the location or patenting of lode claims triangular in shape. If the provisions of section 2320

in the matter of location are complied with, no good reason can exist why a survey of a mining claim need be triangular in form, though with the proper exclusions made, the *surface ground claimed* by the applicant and embraced in his patent may present, on the plat of survey—the lines of which conform to the law—an irregular form or aspect.